09-0764-ag
Duka v. Holder

BIA
Hom, IJ
A 099 599 252

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT.  CITATION TO SUMMARY ORDERS FILED AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY THIS COURT'S LOCAL RULE 32.1 AND FEDERAL RULE OF APPELLATE PROCEDURE 32.1.  IN A BRIEF OR OTHER PAPER IN WHICH A LITIGANT CITES A SUMMARY ORDER, IN EACH PARAGRAPH IN WHICH A CITATION APPEARS, AT LEAST ONE CITATION MUST EITHER BE TO THE FEDERAL APPENDIX OR BE ACCOMPANIED BY THE NOTATION: "(SUMMARY ORDER)."  A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF THAT SUMMARY ORDER TOGETHER WITH THE PAPER IN WHICH THE SUMMARY ORDER IS CITED ON ANY PARTY NOT REPRESENTED BY COUNSEL UNLESS THE SUMMARY ORDER IS AVAILABLE IN AN ELECTRONIC DATABASE WHICH IS PUBLICLY ACCESSIBLE WITHOUT PAYMENT OF FEE (SUCH AS THE DATABASE AVAILABLE AT HTTP://WWW.CA2.USCOURTS.GOV/).  IF NO COPY IS SERVED BY REASON OF THE AVAILABILITY OF THE ORDER ON SUCH A DATABASE, THE CITATION MUST INCLUDE REFERENCE TO THAT DATABASE AND THE DOCKET NUMBER OF THE CASE IN WHICH THE ORDER WAS ENTERED.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 15th day of December, two thousand nine.

PRESENT:
> RALPH K. WINTER,
> PIERRE N. LEVAL,
> REENA RAGGI,
> > *Circuit Judges*.

_____

MAIR DUKA,
> *Petitioner*,

v.                                             09-0764-ag
                                               NAC

ERIC H. HOLDER, JR., ATTORNEY GENERAL,
UNITED STATES DEPARTMENT OF JUSTICE,
> *Respondent*.

_____

FOR PETITIONER:          Sam Gjoni, New York, New York.

**FOR RESPONDENT:** **Tony West, Assistant Attorney General; Barry J. Pettinato, Assistant Director; Julia J. Tyler, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Mair Duka, a native of Yugoslavia and a citizen of Macedonia, seeks review of the February 13, 2009 order of the BIA affirming the November 29, 2006 decision of Immigration Judge ("IJ") Sandy Hom denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Mair Duka*, No. A 099 599 252 (B.I.A. Feb. 13, 2009), *aff'g* No. A 099 599 252 (Immig. Ct. N.Y. City Nov. 29, 2006). We assume the parties' familiarity with the underlying facts and procedural history in this case.

We review the agency's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see also Corovic v. Mukasey*, 519 F.3d 90, 95 (2d Cir. 2008). We review *de novo* questions of

2

law and the application of law to undisputed fact. *See Salimatou Bah v. Mukasey*, 529 F.3d 99, 110 (2d Cir. 2008).

As an initial matter, Duka does not challenge the IJ's findings that: (1) his testimony was inconsistent regarding the amount of time he was detained in 2001 while helping Kosovar refugees; (2) he gave inconsistent explanations as to why his persecutors referred to him as "dukat"; (3) his testimony was inconsistent regarding the number of times he had been detained for seven days or more; (4) his failure to include the purpose of the demonstration he attended in March 2004 in the written statement attached to his asylum application (which he later testified was to promote the establishment of an Albanian university) reflected poorly on his credibility; (5) his testimony was inconsistent regarding whether he was arrested at the demonstration itself or at his home; and (6) his testimony that he had, on one occasion, been interrogated about his membership in the various organizations that planned the demonstration was inconsistent with his written statement claiming that he was interrogated about an alleged plan to attack the local police station. Although Duka argues generally that the IJ should have overlooked the "minor discrepancies" in his testimony, under the REAL ID Act, "an IJ may rely on *any* inconsistency or omission in making an adverse credibility

3

determination as long as the 'totality of the circumstances' establishes that the asylum applicant is not credible." *Xiu Xia Lin*, 534 F.3d 162, 167 (2d Cir. 2008) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)); *see In re J-Y-C-*, 24 I. & N. Dec. 260, 265 (BIA 2007) (noting that "the REAL ID Act no longer requires the trier of fact to find a nexus between inconsistencies and the 'heart of the claim'"). Accordingly, substantial evidence supports the IJ's adverse credibility determination. *See Shunfu Li v. Mukasey*, 529 F.3d 141, 146 (2d Cir. 2008).

Duka does challenge the IJ's finding that, based on his demeanor, Duka appeared as if he "had memorized a very long script, approximately nine pages of factual elements" and was "unable to relate specifics when asked." Duka contends that if he had memorized his testimony, he would not have had such difficulty recalling events and testifying to them accordingly. However, the IJ did not find that Duka had memorized his script perfectly, but rather that he "continually reverted back to earlier testimony that he had provided to the Court giving the impression to the Court that he was unable to stay on course, stay on script, with regard to his testimony." Nothing in the record compels a contrary conclusion, especially because we give particular deference to the trier of fact's assessment of demeanor.

*See Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005).

Ultimately, substantial evidence supported the IJ's adverse credibility determination.  Thus, the IJ properly denied Duka's application for asylum, withholding of removal, and CAT relief because the only evidence that he would be persecuted or tortured depended on his credibility. *See* 8 U.S.C. § 1252(b)(4)(B); *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *Paul v. Gonzales*, 444 F.3d 148, 156 (2d Cir. 2006); *Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 163 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk


By:_____

5